UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDITH BARTEE,

        Plaintiff,

                                    Case No.: 16-10083
v.                                   Honorable Gershwin A. Drain

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**<u>OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT'S OBJECTIONS [#20], ACCEPTING IN PART REPORT AND RECOMMENDATION [#19], GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#16], GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT[#15]</u>**

**I.    INTRODUCTION**

This matter is before the court on the parties' Cross-Motions for Summary Judgment as to Plaintiff Edith Bartee's claim for judicial review of Defendant Commissioner of Social Security's denial of her application for disability insurance benefits. The matter was referred to Magistrate Judge Stephanie Dawkins Davis, who issued a Report and Recommendation on January 31, 2017, recommending that Plaintiff's Motion for Summary Judgment be granted in part

and denied in part, Defendant Commissioner's Motion for Summary Judgment be granted in part and denied in part, and that the findings of the Commissioner be reversed in part and remanded for further proceedings. The Commissioner filed objections to the Report and Recommendation on February 7, 2017. Plaintiff filed a Response to the Commissioner's Objections on February 21, 2017. For the reasons discussed below, the Court will accept in part the Magistrate Judge's Report and Recommendation and will remand this matter for further proceedings.

## II.  ANALYSIS

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Sec'y of Health and Human Servs.*, 815 F. 2d 1074, 1076 (6th Cir. 1987). Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Plaintiff applied for disability insurance benefits on October 29, 2013, alleging a disability onset date of September 26, 2011. The Administrative Law Judge ("ALJ") determined that Plaintiff has the following severe impairments: degenerative disc disease with cervical and mild lumbar radiculopathy; left sided carpal tunnel syndrome; early rheumatoid arthritis; major depressive disorder; bipolar disorder; generalized anxiety disorder; and posttraumatic stress disorder. The ALJ found that none of Plaintiff's impairments, either alone, or in combination, met or medically equaled the severity of the listed impairments.

The ALJ further determined that Plaintiff has the residual functional capacity ("RFC") to perform:

> Less than the full range of light work as defined in 20 CFR 404.1567(b). Specifically, the claimant: can lift and carry 20 pounds occasionally and 10 pounds frequently; can stand and/or walk up to six hours and sit six hours in an eight-hour workday; can occasionally balance, kneel, stoop, crouch, crawl, and climb ramps and stairs; may not climb ladders, ropes, scaffolds; should avoid unprotected heights; can occasionally lift overhead and frequently handle and finger with bilateral upper extremities; should be limited to no turning of the head to the extreme ranges of motion, but activities requiring such movement can be accommodated by turning the torso; is limited to understanding, remembering and carrying out simple, routine, and repetitive tasks, but the pace of productivity should not [be] dictated by an external source over which the claimant has no control, such as an assembly line or conveyor belt; may make judgments on simple work, and respond appropriately to usual work situations and changes in routine work setting that is repetitive from day to day with few

expected changes; and may have occasional interactions with the public, co-workers, and supervisors.

PgID 60. The ALJ also found that while Plaintiff could not perform her past relevant work, her age, education, work experience and RFC capacity allowed her to work in jobs in significant numbers in the national economy.

### A. Objection #1

The Commissioner's first objection concerns the Magistrate Judge's determination that the ALJ could not rely on the opinion of State Agency Reviewing Physician Dr. Ramirez-Jacobs. Specifically, the Magistrate Judge concluded that she was troubled by the ALJ's reliance on the state agency reviewing physician, Dr. Sonia Ramirez-Jacob's, RFC conclusion because the ALJ found that Dr. Ramirez-Jacobs was a "single decision maker; as such, [her] assessment] is not afforded any weight." PgID 65.

Here, the ALJ incorrectly characterized Dr. Ramirez-Jacobs as a single decision-maker. The single decision-maker model "is an experimental program offered by the Social Security Administration," designed to streamline the review of claims. *White v. Comm'r Soc. Sec.*, No. 12-cv-12833, 2013 U.S. Dist. LEXIS 114584, *8 (E.D. Mich. Aug. 14, 2013). Under this model, a single decision-maker assumes primary responsibility for processing a claimant's application for disability, including making the claimant's initial disability determination. *Id.*

Once the claimant's application reaches the ALJ, however, the single decision-maker's assessment is no longer relevant to the determination of disability. *Id.*

On the disability determination form, Dr. Ramirez-Jacobs provides her signature on the line designated "MC/PC or SDM." On the same form, Sharon Giles signed her name on the line designated "Disability Adjudicator/Examiner Signature." The Administration's internal regulations state in relevant part that:

> A team consisting of an MC or a PC and a disability examiner (DE) generally makes the disability determination. If there is no medical evidence in the file, the DE alone makes the determination. Each medical assessment form must have a reviewing MC/PC's actual physical signature or an approved electronic signature—unless the DE is a single decision-maker.

This demonstrates that Dr. Ramirez-Jacobs was not a single decision-maker; rather she was assisted by disability examiner Giles. As such, the ALJ erroneously referred to Dr. Ramirez-Jacobs as a single decision-maker, and rejection of her opinion on this basis would be inappropriate. Therefore, it was not error for the ALJ to consider the opinion of Dr. Ramirez-Jacobs as found by the Magistrate Judge. The Court will sustain the Commissioner's first objection.

### B. Objections #2 and #3

The Commissioner's second and third objections relate to the Magistrate Judge's conclusion that the ALJ's RFC determination is not supported by substantial evidence. The Magistrate Judge concluded that:

> Since the ALJ rejected [Plaintiff's treating physician]'s opinions

5

> concerning plaintiff's RFC, and is precluded from relying on the single decision maker's opinion which she cited for support, the ALJ is left with only her own lay opinion as to the medical support for her RFC finding. This method of determining the RFC is impermissible.

PgID 732.

Here, the Magistrate Judge correctly concluded that remand is appropriate because the ALJ failed to articulate sufficient reasons supporting her decision to afford Plaintiff's treating physician's opinions little weight. In denying Plaintiff's claim for disability benefits, the ALJ stated that she "affords little weight to the opinions of Dr. Macy because they are not consistent with the test results detailed above of the totality of the evidence." PgID 63.

It is well-settled that greater deference is generally given to the opinions of treating physicians than those of non-treating physicians. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). When an ALJ declines to give a treating physician's opinion "controlling weight," the ALJ must provide "good reasons" for discounting the treating physician's opinion. *Id.* Additionally, where "a treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Id.*

Here, the ALJ failed to address all of these factors with respect to Dr. Macy's opinion. Therefore, remand to the Commissioner is required. *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) ("This Court has made clear that '[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue to remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.'").

Because the ALJ failed to provide "good reasons" for not giving controlling weight to Dr. Macy, the Court cannot determine whether the ALJ's RFC assessment, which was apparently based solely on non-examining, consulting physician, Dr. Ramirez-Jacob's opinion, is supported by substantial evidence. The ALJ wholly ignored Dr. Macy's opinions related to Plaintiff's functional limitations. The Administration's regulations explain that even if not entitled to controlling weight, treating source opinions are entitled to deference.

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927. In many cases, a treating source's opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96-2, 1996 SER LEXIS 9, 1996 WL 374188 (July 2, 1996).

"An ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the regulation." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013). Based on the ALJ's failure to abide by the treating source rule, remand to the Commissioner is required. The Commissioner's second and third objections are OVERRULED.

### III. CONCLUSION

Accordingly, the Commissioner's objections [#20] are SUSTAINED IN PART and OVERRULED IN PART. The Court hereby ACCEPTS IN PART Magistrate Judge Stephanie Dawkins Davis's January 31, 2017 Report and Recommendation [#19], GRANTS IN PART and DENIES IN PART Defendant Commissioner's Motion for Summary Judgment [#16], GRANTS IN PART and DENIES IN PART Plaintiff Edith Bartee's Motion for Summary Judgment [#15] and REMANDS this matter to the Commissioner for further proceedings.

SO ORDERED.

Dated: March 30, 2017 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 30, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk